UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NADIR AL BASHIR,
a/k/a BILLY JEROME
THOMPSON,

    Plaintiff,

v.                                 Case No. 5:22-cv-142-TKW/MJF

REBEKAH MEHERG, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Nadir Al Bashir's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff Nadir Al Bashir, an inmate of the Bay County Jail, also is known as "Billy Jerome Thompson." His current Bay County Jail booking number is 2020-009125.[1]

---

[1] Plaintiff also provides his current commissary number, which is 1989297. Doc. 1 at 1.

Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983 against nine named Defendants and an undisclosed number of "other individuals names unknown." Doc. 1 at 4. Plaintiff asserts these individuals are liable for conspiracy to deprive him of rights—although Plaintiff fails to identify these rights—and intentional infliction of emotional distress, malicious prosecution, invasion of privacy, false imprisonment, and kidnapping.

## II. DISCUSSION

### A.   Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C.

§ 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 24-27. The complaint form explicitly warns "***Failure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 27. The complaint form contains three questions:

   A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

   B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?

   C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

*Id.* at 24-26.

In response to Questions A, Plaintiff responded, "No." *Id* at 25. He did not disclose any cases. *Id.*

In response to Question B, Plaintiff responded, "I don't know if these cases count, but I will list them." He then disclosed only one case:

- *Thompson v. Clark*, No. 5:19-cv-212-MCR-MJF (N.D. Fla. July 11, 2019).[2]

*Id.* at 25-26.

In response to Question C, Plaintiff responded, "Yes." He identified two state cases:

- *Al Bashir v. Clark*, No. 1:D22-630 (Fla. 1st Dist. Ct. App. Feb 8, 2022); and
- *Al Bashir v. Clark*, No. 1:D21-3466 (Fla. 1st Dist. Ct. App.).[3]

*Id.* at 26.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under the penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id*. at 27-28. Thus, at the time Plaintiff signed his complaint, he asserted that he had filed only *one* federal case and *two* state cases.

---

[2] At the time he filed this lawsuit, his inmate number was 1314643.

[3] Plaintiff could not recall the date he filed case No. 1:D21-3466.

## C. Plaintiff's Omissions

The undersigned takes judicial notice that, when Plaintiff filed his complaint, he failed to disclose several cases responsive to Question C and B of the complaint form. For the sake of brevity, the undersigned notes that these cases included the following two civil right cases filed pursuant to section 1983:[4]

- *Thompson v. Wellman*, No: 5:19-cv-187-MCR-MJF (N.D. Fla. July 1, 2019)[5]; and

- *Al Bashir v. Florida*, No. 5:20-cv-330-MW-MJF, (N.D. Fla. Dec. 11, 2020).[6]

Because Plaintiff failed to disclose these cases in his complaint, Plaintiff violated his duty of candor to the District Court. *Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

---

[4] The undersigned takes judicial notice of other lawsuits Plaintiff has filed. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999);

[5] This case is attributable to Plaintiff because it bears the inmate number 1314643. Doc. 1 at 1.

[6] This case is attributable to Plaintiff because it is based on the same set of facts and issues involved in the present case.

D.   **Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling

interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true, as the case here, when a prisoner-plaintiff uses different names when filing lawsuits and has different inmate numbers.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior civil cases. Doc. 1 at 27. The complaint form expressly warns prisoners: "[***F***]***ailure to disclose all prior cases may result in the dismissal of this case.***" *Id.* Despite this clear warning, Plaintiff affirmatively represented that he had filed *only one* federal case.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[7] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-

---

[7] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); *see also* Fla. Stat. § 95.11 (noting that claims of malicious prosecution, false imprisonment, or any other intentional tort must be brought within four years). The alleged misconduct in Plaintiff's complaint occurred between January 2018 through June 24, 2022. Doc. 1 at 16. Thus, it is unlikely that the statute of limitations would bar Plaintiff from refiling this action in the near future.

plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to terminate all pending motions and close this case.

At Pensacola, Florida, this <u>6th</u> day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**